**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| L-3 COMMUNICATIONS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION, SONY ELECTRONICS INC., and SONY MOBILE COMMUNICATIONS (USA) INC.,<br><br>Defendants. | ) | C.A. No. 10-734-RGA<br><br>REDACTED VERSION |

**PLAINTIFF L-3 COMMUNICATIONS CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT U.S. PATENT NO. 5,541,654 IS NOT INVALID <u>IN VIEW OF U.S. PATENT NO. 5,543,838</u>**

August 28, 2013
September 17, 2013

OF COUNSEL:
John R. Emerson
Thomas B. King
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
russ.emerson@haynesboone.com
thomas.king@haynesboone.com

Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff and Counterclaim-Defendant L-3 Communications Corporation*

## Table of Contents

I. Nature and Stage of the Proceedings ........ 1

II. Statement of Facts ........ 1

III. Legal Principles ........ 5

IV. Argument ........ 7

A. Sony Cannot Prove By Clear-and-Convincing Evidence That the Xerox Patent Is Prior Art ........ 7

B. Sony Provides No Evidence That the Xerox Patent Was Actually Reduced To Practice. ........ 7

C. Uncorroborated Testimony That Xerox May Have Renewed Diligence Before June 1993 Cannot Provide Clear-and-Convincing Evidence of Invalidity. ........ 10

V. Conclusion ........ 12

## Table of Authorities

### Cases

*Bey v. Kollonitsch*,
806 F.2d 1024 (Fed. Cir. 1986) .......... 10

*Brown v. Barbacid*,
436 F.3d 1376 (Fed. Cir. 2006) .......... 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).......... 5

*Coleman v. Dines*,
754 F.2d 353 (Fed. Cir. 1985) .......... 6

*Cooper v. Goldfarb*,
154 F.3d 1321 (Fed. Cir. 1998) .......... 5, 7, 8, 9

*Creative Compounds, LLC v. Starmark Labs.*,
651 F.3d 1303 (Fed. Cir. 2011) .......... 10

*Finnigan Corp. v. Int'l Trade Comm'n*,
180 F.3d 1354 (Fed. Cir. 1999) .......... 6

*In re Jolley*,
308 F.3d 1317 (Fed. Cir. 2002) .......... 10, 11

*Lutzker v. Plet*,
843 F.2d 1364 (Fed. Cir. 1988) .......... 9

*Mahurkar v. C.R. Bard, Inc.*,
79 F.3d 1572 (Fed. Cir. 1996) .......... 5, 6

*Mason v. Hepburn*,
13 App. D.C. 86 (1898) .......... 9

*Microsoft v. i4i Ltd. P'ship*,
131 S. Ct. 2238 (2011).......... 6

*Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*,
362 F.Supp.2d 526 (D.N.J. 2005).......... 8

*Oka v. Youssefyeh*,
849 F.2d 581 (Fed. Cir. 1988) .......... 11

*Paulik v. Rizkalla*,
796 F.2d 456 (Fed. Cir. 1986) .......... 6

*Peeler v. Miller*,
535 F.2d 647 (C.C.P.A. 1976) .......... 9

*Price v. Symsek*,
988 F.2d 1187 (Fed. Cir. 1993) ..................... 6

*Shindelar v. Holdeman*,
628 F.2d 1337 (C.C.P.A. 1980) ..................... 9

*UMC Electronics Co. v. United States*,
816 F.2d 647 (Fed. Cir. 1987) ..................... 7, 8

**Statutes and Rules**

35 U.S.C. § 102(g) ..................... 2, 5

35 U.S.C. § 282 ..................... 6

Fed. R. Civ. P. 56 ..................... 5

Leahy-Smith America Invents Act, Pub. L. 112-29, 125 Stat. 284 (2011) ..................... 5

Plaintiff L-3 Communications Corporation ("L-3") respectfully moves this Court for partial summary judgment that U.S. Patent No. 5,541,654 (the "Roberts patent") is not invalid in view of U.S. Patent No. 5,543,838 (the "Xerox patent") because the Xerox patent is not prior art. The Xerox patent is not prior art because the Xerox patent's application was filed on August 31, 1993, two-and-one-half months after the Roberts patent's application was filed on June 17, 1993, and Sony cannot show that Xerox diligently worked to prepare and file the application from any time before the Roberts patent's filing date.

## I. Nature and Stage of the Proceedings

Trial is scheduled in this case beginning on October 28, 2013. Sony's validity expert identifies at least ten references that purportedly invalidate the Roberts patent. For the reasons explained below, however, the Xerox patent—U.S. Patent No. 5,543,838—is not prior art to L-3's Roberts patent. Thus, to streamline the issues for the upcoming liability-phase trial, L-3 requests partial summary judgment that the Xerox patent is not prior art and that the asserted claims of the Roberts patent are not invalid in view of the Xerox patent.

## II. Statement of Facts

1. The Roberts patent claims priority to a patent application filed on June 17, 1993.[1] Although the Roberts patent describes a physical, working embodiment, it does not state when the invention was conceived or when the embodiment was actually reduced to practice, nor is it clear whether the working embodiment practiced independent claim 15.[2] Peter Roberts, the sole inventor of the Roberts patent, is deceased, and his files are no longer available. Thus, for purposes of this motion, the priority date for the Roberts patent is the filing date, June 17, 1993.

[1] Ex. 1 [Roberts patent]. All exhibits are attached to the Declaration of Thomas B. King filed herewith.

[2] Ex. 1 at 10:47-56.

2. Sony asserts that the Xerox patent anticipates or renders obvious the Roberts patent.[3] The Xerox patent claims priority to a patent application filed on August 31, 1993.[4] That is more than two months after the priority date of the Roberts patent.

3. The Xerox patent, considered alone, is not prior art against the Roberts patent because the Xerox patent was filed after the Roberts patent. Sony contends, however, that the Xerox patent is prior art under 35 U.S.C. § 102(g) based on two documents and the testimony of Paul Hosier, one of the named inventors of the Xerox patent.

4.

---

[3] Ex. 2 [Xerox patent].

[4] *Id*.

[5] Ex. 3 [Xerox Invention Disclosure].

[6] Ex. 5 [Hosier Dep.] at 32:24-37:5.

[7] *Id*. at 65:23-66:19.

[8] Ex. 4 [Xerox Invention Evaluation].



[9] *Id.*

[10] Ex. 5 [Hosier Dep.] at 42:2-16.

[11] Ex. 4 [Xerox Invention Evaluation].

[12] Ex. 6 [SL3-10001209, SL3-10001224].

7. The patent attorney was not deposed.

9. The following timeline summarizes the events described above concerning the Xerox patent.





**Figure 1: Timeline of Xerox Patent Events**

## III. Legal Principles

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[20] A party may request summary judgment on an entire claim or defense or on a part of a claim or defense.[21] An important function of summary judgment is to eliminate factually unsupported claims.[22]

Under pre-AIA[23] 35 U.S.C. § 102(g), "the person who first reduces an invention to practice is 'prima facie the first and true inventor.'"[24] Nevertheless, the second person to reduce

[20] Fed. R. Civ. P. 56.

[21] *Id.*

[22] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[23] The Leahy-Smith America Invents Act, commonly called the AIA, substantially changed many aspects of United States patent law, including the definition of prior art under 35 U.S.C. Section 102. *See* Leahy-Smith America Invents Act, Pub. L. 112-29, 125 Stat. 284 (2011). However, the AIA changes to Section 102 do not apply with respect to the Roberts patent because of its effective filing date of June 17, 1993. *See id.* § 3(n), 125 Stat. at 293.

an invention to practice may be the inventor if he conceived of the invention first and worked diligently to reduce it to practice.[25]

A party may show either "actual" or "constructive" reduction to practice. Actual reduction to practice requires an inventor to both (1) construct a physical embodiment that includes all limitations of the claim and (2) determine that the invention will work for its intended purpose.[26] Constructive reduction to practice occurs when a patent application is filed[27] (except under certain exceptions that do not apply here). Under either reduction-to-practice pathway, the first to conceive must establish reasonable diligence for the entire time period between the priority date of the challenged patent and the asserted reduction to practice.[28]

Uncorroborated oral testimony from a purported prior inventor is insufficient to establish prior invention.[29] As the Federal Circuit has noted, "[t]hroughout the history of the determination of patent rights, oral testimony by an alleged inventor asserting priority over a patentee's rights is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence."[30] Corroboration is required whether or not the party testifying is interested in the outcome of the litigation.[31]

In assessing the corroboration of oral testimony, courts apply a rule-of-reason analysis to evaluate of all pertinent evidence to determine the credibility of the inventor's story.[32] "The rule

---

[24] *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996).
[25] *Id*.
[26] *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998).
[27] *Id.*
[28] *Paulik v. Rizkalla*, 796 F.2d 456, 458 (Fed. Cir. 1986).
[29] *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993).
[30] *Id.* (citations omitted).
[31] *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999).
[32] *Mahurkar*, 79 F.3d at 1577 (citing *Price*, 988 F.2d at 1195).

of reason, however, does not dispense with the requirement for some evidence of independent corroboration."[33]

Because a patent is presumed valid,[34] one who challenges a patent's validity must prove invalidity by clear-and-convincing evidence.[35] Thus, to survive a motion for summary judgment of no invalidity, the party with the ultimate burden of proof must present clear and convincing evidence from which a reasonable jury could find that the patent is invalid.

## IV. Argument

### A. Sony Cannot Prove By Clear-and-Convincing Evidence That the Xerox Patent Is Prior Art

Because the Roberts patent was filed before the Xerox patent, there are only two ways for Sony to prove that the Xerox patent is section 102(g) prior art: First, Sony could show that Hosier actually reduced his invention to practice before June 17, 1993, and did not abandon, suppress, or conceal it. Second, Sony could show that Hosier diligently pursued a constructive reduction to practice between June 16, 1993 and August 31, 1993.

As explained below, Sony can show neither of these section 102(g) pathways at trial. Thus, the Xerox patent is not prior art to the Roberts patent.

### B. Sony Provides No Evidence That the Xerox Patent Was Actually Reduced To Practice.

There is no evidence—much less clear-and-convincing evidence—that Hosier actually reduced his invention to practice. Under Federal Circuit precedent, "there cannot be a reduction to practice of the invention here without a *physical embodiment* which includes all limitations of

---

[33] *Coleman v. Dines*, 754 F.2d 353, 360 (Fed. Cir. 1985).

[34] 35 U.S.C. § 282.

[35] *Microsoft v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011).



One district court has questioned whether the specific computer simulations at issue in its case might constitute actual reduction to practice, and left the issue for the jury to decide.[40] That case does not apply here, however, because Xerox did not produce any simulations for the jury to actually consider. And in any event, that decision is inconsistent with

---

[36] *UMC Electronics Co. v. United States*, 816 F.2d 647, 652 (Fed. Cir. 1987) (emphasis added); *accord Cooper*, 154 F.3d at 1327-28 (Fed. Cir. 1998) ("In order to establish an actual reduction to practice, the inventor must prove that: (1) he construed an embodiment or performed a process that met all the limitations of the interference count; and (2) he determined that the invention would work for its intended purpose. . . . [T]he physical embodiment relied upon as an actual reduction to practice must include every limitation of the count.").

[37] Ex. 3 [Xerox Invention Disclosure]; Ex. 4 [Xerox Invention Evaluation].

[39] Ex. 7 [Yadid-Pecht Reply Rpt.] at 48-50.

[40] *Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*, 362 F.Supp.2d 526, 547-48 (D.N.J. 2005).

the Federal Circuit's precedent that an actual reduction to practice requires a "*physical embodiment*."[41]

[41] *UMC Electronics*, 816 F.2d at 652.

[42] *Cooper*, 154 F.3d at 1330.

[43] Ex. 3 [Xerox Invention Disclosure] at XER-0001 (emphasis added).

[44] Ex. 5 [Hosier Dep.] at 39:6-21.

[45] *See Cooper*, 154 F.3d at 1330.



**C. Uncorroborated Testimony That Xerox May Have Renewed Diligence Before June 1993 Cannot Provide Clear-and-Convincing Evidence of Invalidity.**

Sony also cannot establish priority based on diligence coupled with constructive reduction to practice. Establishing diligence requires evidence of "reasonably continuing activity to reduce the invention to practice."[48] "Merely asserting diligence is not enough; a party must account for the entire period during which diligence is required."[49] But Sony and Hosier have *no explanation* for why Xerox delayed nearly four years between the invention disclosure and filing the patent application.

Sony could salvage a priority argument by showing "reasonable diligence extending from a time prior to the other party's conception to its own reduction to practice."[50] Here, Sony would need to establish that Xerox or Hosier acted with reasonable diligence between June 16, 1993

[46] Ex. 5 [Hosier Dep.] at 73:4-25 ("Q. So you really don't know for this particular application why the [22 month] delay occurred. A. Yes. . . . Yes, that's true. I don't know.") (objection omitted).

[47] *See Lutzker v. Plet*, 843 F.2d 1364, 1368 (Fed. Cir. 1988) (51 month delay unacceptable); *Shindelar v. Holdeman*, 628 F.2d 1337, 1341-43 (C.C.P.A. 1980) (two-year and five month delay between reduction to practice and the filing of an application is prima facie unreasonable) (the filing delay, attributed solely to the attorney's workload, "raised an inference of suppression . . . which has not been rebutted"); *Peeler v. Miller*, 535 F.2d 647, 653-54 (C.C.P.A. 1976) (four-year delay is "prima facie, unreasonably long" and creates an inference of intent to suppress); *Mason v. Hepburn*, 13 App. D.C. 86, 91 (1898) (a first inventor can lose the right to a patent by delaying the patent application through "indifference, supineness, or wilful act").

[48] *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006).

[49] *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1312-13 (Fed. Cir. 2011).

[50] *In re Jolley*, 308 F.3d 1317, 1327 (Fed. Cir. 2002).

and August 31, 1993. But Sony cannot establish that Hosier acted with diligence during this time period because there is no evidence that Hosier tried to create a working embodiment of his invention at any time, least of all from June to August 1993.

Thus, because Sony cannot show that Hosier diligently worked *actually* to reduce his invention to practice during the critical 11-week time period, it must show that Xerox diligently worked *constructively* to reduce his invention to practice (i.e., to prepare the patent application) during the critical 11-week time period.[51]

Sony cannot prove its case. The Xerox patent prosecutor was not deposed. The Xerox patent prosecutor's files were not produced. [REDACTED] Thus, there is simply no evidence of attorney diligence here, let alone clear-and-convincing evidence of continuous diligence.

Hosier testified that Xerox patent applications typically took from two to four months to prepare, beginning with a meeting between the inventor and the patent attorney.[52] Hosier did not remember when the meeting occurred for the Xerox patent.[53] This testimony is legally insufficient to establish diligence over the 11 weeks between June 16 and August 31, 1993.

"[W]here testimony merely places the acts within a stated time period, the inventor has not established a date for his activities earlier than the last day of the period."[54] Here, the latest date on which the Xerox patent attorney would have started working on the patent application

---

[51] "[R]easonable diligence can be shown if it is established that the attorney worked reasonably hard on the particular application during the continuous critical period." *Bey v. Kollonitsch*, 806 F.2d 1024, 1027 (Fed. Cir. 1986) (describing scenarios in which attorney diligence might be sufficient).

[52] Ex. 5 [Hosier Dep.] at 49:3-50:7.

[53] *Id.* at 71:11-25.

[54] *Oka v. Youssefyeh*, 849 F.2d 581, 584 (Fed. Cir. 1988) (citation omitted).

(according to Hosier) is June 30, 1993 (two months before the filing date of August 31), which is two weeks *after* the Roberts patent was filed. Thus, Hosier's testimony of a two-to-four month patent-preparation period would not, even if it were credited, permit a reasonable jury to conclude that the Xerox patent constitutes prior art.

The corroboration requirement also bars Sony from relying on Hosier's testimony of attorney diligence. As with conception and actual reduction to practice, "[c]orroboration is required to support an inventors' testimony regarding his reasonable diligence in pursuit of the invention."[55] Here, there is no corroboration of Hosier's testimony that it usually took two to four months for Xerox patent attorneys to prepare an application. Without independently corroborated evidence of diligence between June 16, 1993 and August 31, 1993, Sony does not have clear-and-convincing evidence from which a reasonable jury could find in its favor.

## V. Conclusion

Sony cannot establish with clear-and-convincing evidence that the Xerox patent is prior art to the Roberts patent. The Court should accordingly grant partial summary judgment that the Roberts patent is not invalid in view of the Xerox patent, and bar Sony from relying on the Xerox patent as a prior-art reference at trial.

---

[55] *In re Jolley*, 308 F.3d at 1328.

August 28, 2013

BAYARD, P.A.

/s/ Stephen B. Brauerman

Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff and Counterclaim-Defendant L-3 Communications Corporation*

OF COUNSEL:

John R. Emerson
Thomas B. King
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
russ.emerson@haynesboone.com
thomas.king@haynesboone.com