IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L-3 COMMUNICATIONS CORP.,

    *Plaintiff*

vs.

SONY CORPORATION, SONY
ELECTRONICS INC., and SONY MOBILE
COMMUNICATIONS (USA) INC.,

    *Defendants*

C.A. No. 10-734-RGA

# REDACTED
# PUBLIC VERSION

---

### SONY'S ANSWERING BRIEF IN OPPOSITION TO L-3'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

*Of Counsel:*
John Flock (jflock@kenyon.com)
Iuliana Tanase (jtanase@kenyon.com)
Joseph Mercadante (jmercadante@kenyon.com)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Tel.: (212) 425 – 7200

T. Cy Walker (cwalker@kenyon.com)
Robert L. Hails, Jr. (rhails@kenyon.com)
Bryan Nese (bnese@kenyon.com)
Adeel Haroon (aharoon@kenyon.com)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220 – 4200

Dated:  September 16, 2013

Chad M. Shandler (#3796)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington , DE 19801
Tel.: (302) 651-7700
shandler@rlf.com
hunter@rlf.com

*Counsel for Defendants Sony Corporation,
Sony Electronics Inc., and Sony Mobile
Communications (USA) Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

I.     OVERVIEW ....................................................................................................1

II.    NATURE AND STAGE OF PROCEEDINGS ...............................................2

III.   SUMMARY OF THE ARGUMENT ...............................................................3

IV.    STATEMENT OF FACTS ...............................................................................4

V.     LEGAL STANDARDS ...................................................................................7

VI.    ARGUMENT...................................................................................................10

       A.     Whether the Xerox Invention is Prior Art to L-3's Patent By Virtue of Xerox's
              Actual Reduction to Practice is a Disputed Issue of Material Fact...................... 11

              1.          REDACTED

              2.     L-3's challenges to the weight of the evidence corroborating Mr. Hosier's
                     testimony are improper on summary judgment; instead, that evidence must
                     be viewed in the light most favorable to Sony.......................................... 13

              3.     Whether Xerox abandoned, suppressed, or concealed its invention before
                     the date of L-3's patent is a disputed issue of material fact..................... 15

       B.     Whether Xerox Worked Diligently to Constructively Reduce the Xerox Invention
              to Practice Before the Invention Date of L-3's Patent Is a Disputed Issue of
              Material Fact ....................................................................................................... 17

VII.   CONCLUSION...............................................................................................19

RLF1 9375617v.1

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986) .................................................................................................... 7

*Brown v. Barbacid,*
  436 F.3d 1376 (Fed. Cir. 2006) .............................................................................. 10, 18

*Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n,*
  54 F.3d 756 (Fed. Cir. 1995) .................................................................................... 8, 15

*Cooper v. Goldfarb,*
  154 F.3d 1321 (Fed. Cir. 1998) ........................................................................ 8, 9, 10, 14

*Dow Chemical Co. v. Astro-Valcour, Inc.,*
  267 F.3d 1334 (Fed. Cir. 2001) ................................................................................. 8, 9

*Ethicon, Inc. v. United States Surgical Corp.,*
  135 F.3d 1456 (Fed. Cir. 1998) .................................................................................. 10

*Finnigan Corp. v. Int'l Trade Comm'n,*
  180 F.3d 1354 (Fed. Cir. 1999) ................................................................................... 9

*Loral Fairchild Corp. v. Matsushita Elec. Indus. Co,*
  266 F.3d 1358 (Fed. Cir. 2001) ........................................................................ 4, 7, 13, 14

*Lutzker v. Plet,*
  843 F.2d 1364 (Fed. Cir. 1988) .................................................................................. 17

*Mann v. Werner,*
  347 F.2d 636 (1965) ................................................................................................... 10

*McDonnell Douglas Corp. v. U.S.,*
  670 F.2d 156 (Ct. Cl. 1982) ..................................................................................... 8, 11

*Mosaid Techs. Inc. v. Samsung Elecs. Co.,*
  362 F. Supp. 2d 526 (D.N.J. 2005) ....................................................................... 8, 11, 13

*Paulik v. Rizkalla,*
  796 F.2d 456 (Fed. Cir. 1986) ..................................................................................... 9

*Peeler v. Miller,*
  535 F.2d 647 (C.C.P.A. 1976) .................................................................................... 17

RLF1 9375617v.1

*Price v. Sysmek,*
     988 F.2d 1187 (Fed. Cir. 1993)...........................................................................18

*Rines v. Morgan,*
     250 F.2d 365 (C.C.P.A. 1957) ..............................................................................9

*Shindelar v. Holderman,*
     628 F.2d 1337 (C.C.P.A. 1980) ...........................................................................17

*Thompson, S.A. v. Quixote Corp.,*
     166 F.3d 1172 (Fed. Cir. 1999)..............................................................................9

*UMC Elecs. Co. v. United States,*
     816 F.2d 647 (Fed. Cir. 1987).........................................................................11, 12

*Young v. Dworkin,*
     489 F.2d 1277 (C.C.P.A. 1974) .........................................................................8, 15

**Statutes**

35 U.S.C. § 102(g) ...................................................................................................1, 3, 7

Fed. R. Civ. P. 56(a) ...................................................................................................7

RLF1 9375617v.1

I.    **OVERVIEW**

This Court should deny L-3's motion for partial summary judgment because Sony has developed evidence from which a reasonable jury could conclude that the asserted claims of U.S. Patent No. 5,541,654 ("L-3's patent") are invalid in view of U.S. Patent No. 5,543,838 (the "Xerox patent"). L-3 argues that the Xerox patent cannot be prior art to L-3's patent because Xerox filed its application a few months after the invention date of L-3's patent and because Sony (according to L-3) cannot demonstrate that the Xerox patent qualifies as prior art.

Under 35 U.S.C. § 102(g), however, inventions made by others (such as Xerox) before a patent's invention date qualify as prior art if those inventions are not abandoned, suppressed or concealed.  So during discovery, Sony subpoenaed Xerox requesting documents and testimony describing the circumstances of Xerox's development efforts of the subject matter described in the Xerox patent.  In response to these subpoenas, Xerox not only produced the development documents describing the invention and conception, it also designated one of the named inventors of the Xerox patent, Paul Hosier, to provide 30(b)(6) deposition testimony on behalf of Xerox.                                    REDACTED



Mr. Hosier also testified about Xerox's patent application procedures and practices, both generally and as they relate to the filing of the Xerox patent as it pertains to constructive reduction to practice.

Through its present motion, L-3 seeks to exclude Mr. Hosier's testimony and the corroborating documentary evidence from trial, arguing the evidence should be disregarded or discounted entirely by this Court. But this evidence is both admissible and relevant to the issues of invalidity and the status of the Xerox patent as prior art, and L-3's arguments concerning this

1

evidence are directed more to its weight than its admissibility. Moreover, as is evident from the parties' markedly different views of the evidence, genuine issues of material fact exist as to whether the Xerox patent is prior art, making entry of partial summary judgment inappropriate. When this evidence is properly viewed in the light most favorable to Sony, as it must in evaluating a summary judgment motion, there is more than sufficient evidence from which a reasonable jury could conclude that the Xerox patent qualifies as prior art under § 102(g). For these and other reasons set forth below, L-3's motion should be denied.

## II.   NATURE AND STAGE OF PROCEEDINGS

Discovery is closed, and trial is scheduled for the week of October 28, 2013. Sony intends to present evidence at trial (in the form of testimony and exhibits from the deposition of Xerox's Rule 30(b)(6) designee Mr. Hosier and testimony and documents from Sony's expert witness, Dr. Orly Yadid-Pecht) that the asserted claims of L-3's patent are invalid over the Xerox patent. Even if the Xerox patent does not qualify as prior art, the Xerox patent has independent evidentiary significance for obviousness challenges based on other prior art references. The Xerox patent, along with other references, demonstrate that the subject matter recited in the asserted claims was developed simultaneously by others, which is a secondary consideration of obviousness that demonstrates the asserted claims are invalid over such other references.

L-3's present motion is its second attempt to deny Sony the opportunity to test validity of L-3's patent over the Xerox patent. In June 2013, L-3 unsuccessfully opposed Sony's motion to amend the scheduling order in an effort to exclude Mr. Hosier's deposition testimony, which had to be scheduled a few days after the close of discovery to accommodate the witness. The Court granted Sony's motion and amended the scheduling order, in part, because L-3 had attended that deposition and examined the witness prior to filing that motion. D.I. 171 at 40:6-19.

2

### III.   SUMMARY OF THE ARGUMENT

1.   Entry of partial summary judgment is inappropriate because genuine of issues of material fact exist as to whether the Xerox patent qualifies as prior art under 35 U.S.C. § 102(g).

2.   Entry of partial summary judgment is inappropriate because there is sufficient evidence from which a jury could reasonably conclude that the Xerox patent qualifies as prior art under 35 U.S.C. § 102(g).

3.                                    REDACTED

4.

5.   Entry of partial summary judgment is inappropriate because genuine of issues of material fact exist as to whether Xerox abandoned, suppressed, or concealed the subject matter of the Xerox patent.

6.   Entry of partial summary judgment is inappropriate because there is sufficient evidence from which a jury could reasonably conclude that Xerox did not abandon, suppress, or conceal the subject matter of the Xerox patent.

7.   Entry of partial summary judgment is inappropriate because genuine of issues of material fact exist as to whether beginning at least as early as June 16, 1993, Xerox was reasonably diligent in preparing the Xerox patent application.

8.    Entry of partial summary judgment is inappropriate because there is sufficient evidence

from which a jury could reasonably conclude that beginning at least as early as June 16,

1993, Xerox was reasonably diligent in preparing the Xerox patent application.

## IV.    STATEMENT OF FACTS

On a summary judgment, all factual inferences are drawn in favor of the non-moving

party, which in this case, is Sony. *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, 266

F.3d 1358, 1361 (Fed. Cir. 2001).  The facts are as follows:

1.    L-3 currently asserts that Sony infringes claims 15-17, 19-21, 50, 60, 63, 70, 73, and 80

of L-3's patent.            REDACTED            [1]  The earliest priority date of

L-3's patent is June 17, 1993.  D.I. 185 at 1.

2.    U.S. Patent No. 5,543,838 (the "Xerox patent"), in addition to disclosing other elements

of L-3's patent claims, also discloses a pixel with a photodiode that is separate and

distinct from a storage capacitor.  *See* Exhibit B (Xerox Patent) at 3:35-42, 3:58-67.  The

charge generated in the photodiode is stored on the storage capacitor.  *Id.* at 3:64-67,

4:36-38.  Further, the storage capacitor is coupled to a pixel amplifier which includes a

transistor.  *Id.* at 3:67-4:3, 4:43-51.

3.    The Xerox patent lists Paul A. Hosier and Jagdish C. Tandon as inventors and Xerox as

the assignee.                          REDACTED

4.

---

[1]    All Exhibits referenced herein are attached to the Declaration of Adeel Haroon submitted
contemporaneously herewith.

REDACTED

5.

6.

5

REDACTED

7.

8.

6

REDACTED

9.

10.     The Xerox patent application was completed, and the inventors signed the declaration on

August 27, 1993.  *See* Exhibit G (Xerox Patent Application) at SL3-10001223-24;

Exhibit D at 47:2-17.  It was filed a few days later, on August 31, 1993.

## V.     **LEGAL STANDARDS**

Summary judgment must be denied if the moving party is unable to demonstrate that

there is no genuine issue as to any material fact as a matter of law.  Fed. R. Civ. P. 56(a).  Hence,

summary judgment is appropriate only when no "reasonable jury could return a verdict for the

non-moving party." *Loral Fairchild Corp.*, 266 F.3d at1361  (quoting *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  When ruling on a summary judgment motion, the

evidence must be viewed in the light most favorable to the non-movant and "draw all justifiable

inferences therefrom in the non-movants' favor." *Id.*

A patent is invalid if "before such person's invention thereof, the invention was made in

this country by another inventor who had not abandoned, suppressed, or concealed it." 35

U.S.C. § 102(g)(2) (2011 Amendments).  Prior invention by another under 35 U.S.C. § 102(g)

7

can be shown by two alternate pathways: 1) a reduction to practice before the invention date of the patent being challenged with no abandonment, suppression or concealment; or 2) if reduction to practice occurred after the invention date of the patent being challenged, prior conception and reasonable diligence towards the reduction to practice. *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). There are two ways to reduce an invention to practice – an "actual" reduction to practice or a "constructive" reduction to practice. *Id.*

An "actual reduction to practice" is established when the inventor constructed an embodiment or performed a process and determined that the invention would work for its intended purpose. *Id.* Actual reduction to practice is not limited to physical embodiments but may include computer simulations that can determine that the invention would work for its intended purpose. *See McDonnell Douglas Corp. v. United States*, 670 F.2d 156, 161 (Ct. Cl. 1982) (suggesting that a computer simulation may be a valid reduction to practice, but not if subsequent physical testing shows that the prior computer simulation was inadequate); *see also Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 362 F. Supp. 2d 526, 548 (D.N.J. 2005) (holding that a computer simulation is a sufficient reduction to practice to survive a summary judgment motion because it presents a genuine issue of fact for the jury).

Active actions by the inventor to abandon, suppress, or conceal his invention from the public may disqualify a prior invention as prior art. *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1342 (Fed. Cir. 2001). In extreme cases, the prior inventor's lack of action to publicize his invention may suggest abandonment, suppression, or concealment. *Id.* However, "mere delay, without more, is not sufficient to establish suppression or concealment." *Young v. Dworkin*, 489 F.2d 1277, 1281 (C.C.P.A. 1974). Furthermore, "there is no particular length of delay that is *per se* unreasonable." *Checkpoint Sys., Inc. v. U.S. Int'l Trade Comm'n*, 54 F.3d

8

756, 761 (Fed. Cir. 1995). Indeed, "it is not necessary that an inventor or his attorney should drop all other work and concentrate on the particular invention involved." *Rines v. Morgan*, 250 F.2d 365, 369 (C.C.P.A. 1957). Each case must be considered on its own particular set of facts. *Dow Chemical*, 267 F.3d at 1342.

A "constructive" reduction to practice occurs when a patent application is filed for an invention. *Cooper*, 154 F.3d at 1327.

Conception is the mental formulation of a definite and permanent idea of the complete invention. *Id.* With respect to the diligence requirement, an inventor's "renewed" activity from a time prior to the challenged patent's conception to the filing of his application will still qualify the prior invention as prior art regardless of earlier periods of non-activity. *Paulik v. Rizkalla*, 796 F.2d 456, 460 (Fed. Cir. 1986).

Corroboration typically is required of inventor testimony regarding his prior invention. *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999); *but see Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172, 1176 (Fed. Cir. 1999) (holding "that corroboration is required only when the testifying inventor is asserting a claim of derivation or priority of his or her invention and is a named party, an employee of or assignor to a named party, or otherwise is in a position where he or she stands to directly and substantially gain by his or her invention being found to have priority over the patent claims at issue.") The corroborating evidence need not be perfect but merely sufficient enough to determine the credibility of an inventor's testimony under a rule of reason, considering all of the pertinent evidence. *Cooper*, 154 F.3d at 1330 (citations omitted). "To corroborate a reduction to practice, it is not necessary to produce an actual over-the-shoulder observer. Rather, sufficient circumstantial evidence of an independent nature can satisfy the corroboration requirement." *Id.* Indeed, not every individual

9

*act* in the invention process must be proved by corroboration. *Id.* citing *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1464 (Fed. Cir. 1998); *Mann v. Werner*, 347 F.2d 636, 640 (1965) ("This court has rejected the notion that each individual act in the reduction to practice of a count must be proved in detail by an unbroken chain of corroboration."). Because corroboration for every contested issue is not required by law, all the evidence must be considered as a whole in evaluating the credibility of the inventor's testimony. *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006) (citations omitted).

## VI.   <u>ARGUMENT</u>

Summary judgment is improper because there is sufficient evidence from which a jury could reasonably conclude that the Xerox patent is prior art to L-3's patent. The Xerox patent can be prior art in two different ways:                                   REDACTED

REDACTED

Rather than view this evidence and inferences therefrom in the light most favorable to Sony, L-3 in its motion challenges the weight of this evidence and offers competing arguments based on it. When considered under the proper standard, there is legally sufficient evidence from which a reasonable jury could find the Xerox patent to be prior art to L-3's patent. Accordingly, L-3's motion for partial summary judgment lacks merit and should be denied. The circumstances of Xerox's development efforts raise questions of fact that should be resolved by the trier of fact.

10

**A.**  **Whether the Xerox Invention is Prior Art to L-3's Patent By Virtue of Xerox's Actual Reduction to Practice is a Disputed Issue of Material Fact.**

1.                                          REDACTED

A computer simulation can demonstrate an actual reduction to practice under the law, and the cases L-3 relies on do not say otherwise. In 1982, the Court of Claims, the predecessor of the Federal Circuit, first suggested that computer simulations can demonstrate an actual reduction to practice unless subsequent physical testing contradicted the computer simulation results. *McDonnell*, 670 F.2d at 161. Following *McDonell's* reasoning, the District Court of New Jersey in 2005 held that the presence of a computer simulation alone creates a genuine issue of material fact of whether an actual reduction to practice occurred, and denied a motion for summary judgment on that basis. *Mosaid*, 362 F. Supp. 2d at 547-49.

The court in *Mosaid* rejected arguments that are similar to L-3's arguments. In *Mosaid*, the patent owner argued that computer simulations can never demonstrate an actual reduction to practice. In response, the court stated "[t]he Court, at this time, is loathe [sic] to adopt MOSAID's position and conclude that a computer simulation can never be a reduction to practice." *Id.* at 547. "[S]urely, in this technologically advanced society of ours, there are areas of science where a successfully run simulation represents the end of the invention process and the construction of the physical embodiment is but a matter of mere routine and mechanical application." *Id.* at 548. Using this test, the *Mosaid* court concluded that a computer simulation of a circuit may demonstrate a reduction to practice, and consequently, a genuine issue of material fact existed to preclude granting of a summary judgment motion.

L-3 glosses over *Mosaid* in its brief. Instead, L-3 cites to an older Federal Circuit decision, *UMC Electronics Co. v. United States*, as allegedly imposing a requirement that a

11

physical embodiment must be constructed before an actual reduction to practice can occur. 816 F.2d 647 (Fed. Cir. 1987). The court in *UMC*, however, did not address simulations at all, or whether simulations might qualify as an actual reduction to practice under § 102(g). Rather, the question *UMC* addresses is whether an actual reduction to practice is required to invoke an on-sale bar under § 102(b). *UMC*, 816 F.2d at 652-53. The court in *UMC* ultimately held it did not. *Id.* In discussing this particular issue, the court noted that the patent holder had built and tested a physical embodiment having less than all claim limitations present, but that such an embodiment was insufficient to constitute an actual reduction to practice because under the court's precedent, an embodiment needs to practice all elements of the claim to qualify as a reduction to practice. *Id.* Thus, the *UMC* decision does not hold that simulations can never qualify as a reduction to practice under § 102(g), as L-3 suggests in its brief.

REDACTED

12

REDACTED

When all the testimony and evidence is considered as a whole, and all inferences drawn in favor of Sony, there is sufficient evidence from which a jury could reasonably conclude that Xerox actually reduced the claimed invention to practice before the invention date of L-3's patent.

**2.     L-3's challenges to the weight of the evidence corroborating Mr. Hosier's testimony are improper on summary judgment; instead, that evidence must be viewed in the light most favorable to Sony.**

Rather than view the evidence corroborating Mr. Hosier's testimony regarding his development of the Xerox inventions in the light most favorable to Sony, L-3 disregards and rejects it. L-3's challenges raise intensely fact-based issues that are ill-suited for resolution on summary judgment, and its arguments go to the weight of the corroborating evidence, not to its legal sufficiency or admissibility. Such fact-based arguments are not appropriate for summary judgment. *Loral*, 266 F.3d at 1364-65. Instead, the evidence and all factual inferences drawn from it viewed in the light most favorable to Sony. *Id.* at 1361.

REDACTED

13

REDACTED

Further, the law does not require documents to recite every detail of an inventor's testimony to qualify as corroborating evidence, as L-3's brief seems to suggest. Rather, Courts favor a rule-of-reason approach, where "circumstantial evidence of an independent nature can satisfy the corroboration requirement." *Cooper*, 154 F.3d at 1330. For example, in *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, the Federal Circuit reversed a grant of summary judgment for alleged lack of corroborating evidence and found that an affidavit of a co-worker was sufficient corroborating evidence. 266 F.3d 1358, 1363-65 (Fed. Cir. 2001). In holding so, the Court acknowledged that documentary corroborating evidence such as test results are not required to corroborate an inventor's testimony of testing, especially where the events at issue occurred many years ago. *Id.* at 1365.

REDACTED

14

REDACTED

L-3's failure to view these facts in the light most favorable to Sony in presenting its arguments is therefore fatal to L-3's motion.

**3.    Whether Xerox abandoned, suppressed, or concealed its invention before the date of L-3's patent is a disputed issue of material fact.**

REDACTED

However, "mere delay, without more, is not sufficient to establish suppression or concealment." *Young*, 489 F.2d at 1281. And "there is no particular length of delay that is *per se* unreasonable." *Checkpoint Sys., Inc.*, 54 F.3d at 761. A brief summary of the evidence relevant to this issue is as follows.

REDACTED

15

REDACTED

REDACTED                                             [2]  Rather, it is

indicative of Xerox's evaluation and drafting procedure at the time.

When all the testimony and evidence is considered as a whole, and all inferences drawn

in favor of Sony, there is sufficient evidence from which a jury could reasonably conclude that

Xerox did not abandon, suppress, or conceal the invention but rather worked in the ordinary

course of its business to publicize the invention through the patent filing.

**B.      Whether Xerox Worked Diligently to Constructively Reduce the Xerox
          Invention to Practice Before the Invention Date of L-3's Patent Is a Disputed
          Issue of Material Fact.**

REDACTED


While the date the Xerox

patent application was filed is approximately 2 ½ months after the priority date of L-3's patent,

there is sufficient evidence from which a jury could reasonably conclude that Xerox exercised

reasonable diligence to prepare the patent application beginning at least as early as June 16, 1993

– the day before L-3's patent filing – through to the August 31, 1993 filing date of the Xerox

patent.

---

[2]     The present facts are distinguishable from the cases cited in L-3's brief. For example, in
*Lutzker v. Plet*, the court found actions that "involve[d] a deliberate policy on his [delayer's] part
not to disclose his invention to the public until he is ready to go into commercial production."
843 F.2d 1364, 1366 (Fed. Cir. 1988).           REDACTED
                  In *Shindelar v. Holderman*, the delay was *solely* due to the patent
attorney's non-action because of a heavy workload. 628 F.2d 1337, 1341-43 (C.C.P.A. 1980).
                                      REDACTED
                                                          In *Peeler v. Miller*, the
four-year delay, which was held unreasonable, was the timeframe between approval for filing
and filing the application. 535 F.2d 647, 649-650 (C.C.P.A. 1976).
                                      REDACTED

17

REDACTED

To discount the totality of the evidence, L-3 again appears to require extremely high levels of detail for corroborating evidence when the law does not require it and when it would be practically impossible here for events that occurred over 20 years ago.  Not every contested factual issue must be proved by corroboration.  *See, e.g., Brown,* 436 F.3d at 1380.  Rather, only sufficient independent evidence is needed to allow a reasonable jury to find the inventor's testimony credible.  *See id.* citing *Price v. Symsek,* 988 F.2d 1187, 1196 (Fed. Cir. 1993)  ("all of the evidence put forth" must be considered "as a whole, not individually" in evaluating whether the inventor's testimony is credible).

---

[3]     Again, the Xerox patent was filed approximately 2 ½ months after the invention date of L-3's patent.

18

REDACTED

When all the testimony and evidence is considered as a whole, and all inferences drawn in favor of Sony, there is sufficient evidence from which a jury could reasonably find Mr. Hosier's testimony credible and conclude that he and Xerox worked diligently to file a patent application on the Xerox invention beginning at least as early as June 16, 1993.

## VII.  CONCLUSION

For all the foregoing reasons, the Court should deny L-3's partial summary judgment motion.

19

/s/ Chad M. Shandler
Chad M. Shandler (#3796)
Travis S. Hunter (#5350)
RICHARDS, LAYTON & FINGER, P.A.

*Of Counsel:*
John Flock (jflock@kenyon.com)
Iuliana Tanase (jtanase@kenyon.com)
Joseph Mercadante (jmercadante@kenyon.com)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Tel.: (212) 425 – 7200

One Rodney Square
920 N. King Street
Wilmington , DE 19801
Tel.: (302) 651-7700
shandler@rlf.com
hunter@rlf.com

T. Cy Walker (cwalker@kenyon.com)
Robert L. Hails, Jr. (rhails@kenyon.com)
Bryan Nese (bnese@kenyon.com)
Adeel Haroon (aharoon@kenyon.com)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220 – 4200

*Counsel for Defendants Sony Corporation,
Sony Electronics Inc., and Sony Mobile
Communications (USA) Inc.*

20

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, I caused to be filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and served true and correct copies of the foregoing on the following counsel as indicated:

**BY ELECTRONIC MAIL**

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

**BY ELECTRONIC MAIL**

John R. Emerson
Jason M. Gonder
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
russ.emerson@haynesboone.com
jason.gonder@haynesboone.com

**BY ELECTRONIC MAIL**

Jason W. Whitney
Haynes and Boone, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Jason.whitney@haynesboone.com

**BY ELECTRONIC MAIL**

Thomas B. King
Haynes and Boone, LLP
18100 Von Karman, Suite 750
Irvine, CA 92612-0169
thomas.king@haynesboone.com

/s/ *Chad M. Shandler*
Chad M. Shandler (#3796)
shandler@rlf.com

1