IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **L-3 Communications Corporation,**<br><br>Plaintiff;<br><br>v.<br><br>**Sony Corporation, Sony Electronics Inc., and Sony Mobile Communications (USA) Inc.,**<br><br>Defendants. | Civil Action No. 10-734-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiff L-3 Communications Corporation's Motion for Partial Summary Judgment that U.S. Patent No. 5,541,654 is Not Invalid in view of U.S. Patent No. 5,543,838 (D.I. 184), Defendants' Opposition (D.I. 189), and Plaintiff's Reply (D.I. 199). For the reasons below, the motion is **GRANTED**.

U.S. Patent No. 5,541,654 (the "Roberts patent") was filed on June 17, 1993. Defendants assert that U.S. Patent No. 5,543,838 (the "Xerox patent"), which was filed on August 31, 1993, is prior art under 35 U.S.C. § 102(g), based upon a reduction to practice prior to the critical date of the Roberts patent. In order to prove that the Xerox patent is prior art under section 102(g), Defendants must either show that the invention was actually reduced to practice prior to June 17, 1993, or that there was a diligent pursuit of a constructive reduction to practice between June 16, 1993 and August 31, 1993, the filing date of the Xerox patent. Because Defendants cannot prove either, Plaintiff's motion for partial summary judgment is granted.

In support of an actual reduction to practice, Defendants point to an invention disclosure form which states that "the invention has been shown to be workable by: modeling/calculations."

(D.I. 189 at 5). Deposition testimony confirms that "modeling/calculations" refers to a computer simulation. *Id.* The Court holds that a computer simulation is not sufficient in order to show an actual reduction to practice. In order to establish an actual reduction to practice, there must be a physical embodiment. *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). Defendants point to two cases which might support their position, but they are not persuasive.

The first case which Defendants cite in support of their assertion that a computer simulation may be an actual reduction to practice is *McDonnell Douglas Corp. v. U. S.*, 670 F.2d 156 (Ct. Cl. 1982). However, in *McDonnell* the court noted that "[t]he theoretical issue of whether an invention can ever be reduced to practice by computer simulations has been argued vigorously by both parties[, but] the salient facts in this case obviate the need to decide that novel and difficult problem." *Id.* at 161. Instead, the court held that where subsequent physical testing demonstrated that the prior computer simulation was inadequate, the computer simulation could not be an actual reduction to practice. *Id.*

The second case which Defendants cite in support of their assertion is *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 362 F. Supp. 2d 526 (D.N.J. 2005). In *Mosaid*, the court held that a computer simulation was sufficient evidence to show an actual reduction to practice such that summary judgment was inappropriate. *Id.* at 548. The court opined that "in this technologically advanced society of ours, there are areas of science where a successfully run simulation represents the end of the inventive process and the construction of the physical embodiment is but a matter of mere routine and mechanical application. In that case, and only in that case, it seems appropriate that a simulation should be a valid reduction to practice." *Id.*

In light of clear Federal Circuit precedent, this Court declines to follow *Mosaid*. While the court's reasoning is logical, the law requires a physical embodiment. Because Defendants cannot prove that there was a physical embodiment of the invention prior to the critical date, they cannot show an actual reduction to practice.

In support of their assertion of a constructive reduction to practice, Defendants point to the inventor's deposition testimony regarding the typical process of drafting a patent application. (D.I. 189 at 18). The inventor's deposition testimony asserts that it took "at a minimum, two to four months to draft an application." *Id.* As a matter of law, this is not sufficient to establish two and a half months of diligence. *Oka v. Youssefyeh*, 849 F.2d 581, 584 (Fed. Cir. 1988) ("[W]here testimony merely places the acts within a stated time period, the inventor has not established a date for his activities earlier than the last day of the period."). As such, Defendants cannot show a constructive reduction to practice coupled with diligence.

Entered this 16th day of October, 2013.

United States District Judge