

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4208
Email:  rkirk@bayardlaw.com

October 17, 2013

**BY CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Judge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *L-3 Communications Corp. v. Sony Corp., et al.*, C.A. No. 10-734-RGA

Dear Judge Andrews:

We write to advise the Court of a significant case development and to correct the record in this case.  Specifically, L-3 has recently learned that the named inventor of the '654 patent, Dr. Peter C.T. Roberts, formerly of Litton Systems, is alive, well, and working at Raytheon in Southern California.  L-3 respectfully requests the Court's permission to call Dr. Roberts at a witness at the upcoming validity trial.

At the recent pretrial conference, counsel for L-3, Russ Emerson, stated that Dr. Roberts was deceased.  D.I. 218 at 30:9-19.  Mr. Emerson based his representation, in turn, on the representation of Dr. Joseph Estrera, who was until recently the Senior Vice President and Chief Technical Officer for L-3 Infrared Products. In 2009, after L-3 acquired the Roberts patents from Northrup Grumman (who had acquired them from Litton), Dr. Estrera was part of an effort to investigate the Roberts patents and, as part of the investigation, to find and speak with Dr. Roberts about his patents. In a meeting and telephone conference related to that investigation and involving the HR departments of L-3's Garland, Texas and Tempe, Arizona (where the predecessor Litton facilities were located) facilities, Dr. Estrera was informed that Dr. Roberts was deceased. This conclusion was confirmed a second time to Dr. Estrera in the following weeks or months. Dr. Estrera testified at his deposition that Dr. Roberts was dead.

Based on the representation from L-3's Tempe HR department, where Dr. Roberts worked for L-3's predecessor (Litton), Dr. Estrera naturally felt no further need to investigate Dr. Roberts's whereabouts. And, based on Dr. Estrera's representations, L-3's counsel felt no need to investigate Dr. Roberts's whereabouts. Hence, our representations to the Court and to Sony that Dr. Roberts was dead.

On October 15, 2013, counsel for L-3 discovered that Dr. Roberts is in fact alive and residing in Southern California.  Here is how we found him:



Case 1:10-cv-00734-RGA   Document 222   Filed 10/17/13   Page 2 of 3 PageID #: 5184

The Honorable Richard G. Andrews
October 17, 2013
Page 2

L-3 wanted a photograph of its inventor to use as part of a demonstrative exhibit at trial and found a 1988 IEEE article that a "Dr. C.T. Roberts" co-authored. At the end of the article was a poor-quality photograph of Dr. Roberts as well as a short biography. This information was new to L-3's counsel, since L-3 had no remaining records of Dr. Roberts or his pre-Litton education and experience. Using this additional information, and hoping to find a better photograph of Dr. Roberts, L-3's counsel found a LinkedIn account for a "Peter Roberts" employed at Raytheon in California and whose pre-1988 resume roughly matched Dr. Roberts's biography in the 1988 IEEE article. His LinkedIn resume, however, made no mention of Dr. Roberts's positions between 1986 and 1996 or of any employment with Litton, to whom he assigned the '654 patent in 1993.

On Tuesday evening, October 15, Messrs. Emerson and King contacted Dr. Roberts by phone at Raytheon and confirmed that he was, in fact, the Peter C.T. Roberts named on the face of the '654 patent. The following day, October 16, Messrs. Emerson and King disclosed this discovery to Sony's counsel and told Sony's counsel that they expected to ask the Court to allow L-3 to call Dr. Roberts at trial. They also discussed presenting Dr. Roberts for deposition before trial. Sony's counsel indicated that they would likely object to L-3 calling Dr. Roberts at trial.

L-3 plans to interview with Dr. Roberts within the next few days. Based on the limited discussions L-3 counsel has already had with Dr. Roberts, we believe that Dr. Roberts may be able to testify about the following issues:

- How, when, and why he invented what is disclosed and claimed in the '654 patent;

- The nature of the problem he was trying to solve and the obstacles he overcame to solve them;

- The industry's need for the solution disclosed in the '654 patent;

- Other attempts to solve the problem;

- His knowledge of the state of the art when he made his invention; and

- The actual reduction to practice of his invention.

This testimony is relevant and will help the jury to decide whether the '654 patent is valid. L-3 therefore respectfully requests that the Court allow L-3 to present Dr. Roberts at trial, subject to his pre-trial deposition by Sony.

As noted above, Sony's counsel has indicated they intend to oppose this request. L-3 respectfully suggests that the Court overrule Sony's objections. First, Dr. Roberts's testimony would be relevant and important. Second, L-3 honestly and in good faith believed that Dr. Roberts was dead. Third, when L-3 discovered information that indicated that Dr. Roberts may



The Honorable Richard G. Andrews
October 17, 2013
Page 3

not, in fact, be dead, L-3 diligently pursued its leads. Fourth, L-3 immediately informed Sony about its discovery once L-3 confirmed that Dr. Roberts was alive. Fifth, L-3 offered to facilitate Sony's deposition of Dr. Roberts before trial, or to agree on a continuation, if necessary.

L-3 respectfully suggests that the Court grant L-3's request for the same reasons it granted Sony's request to present Mike Kahn, a Sony business manager, at trial as a Sony "face witness" despite that fact Sony never identified Mr. Kahn in its disclosures or discovery and Sony never offered to allow L-3 to depose him. Mr. Kahn was a substitute witness for a Sony marketing manager that apparently left Sony. Like Mr. Kahn, Dr. Roberts would be, in effect, L-3's "face witness," but one with actual, relevant, and contemporaneous knowledge of the patent and its invention.

Respectfully submitted,

/s/ Richard D. Kirk

Richard D. Kirk (rk0922)

cc: All Counsel