IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **L-3 Communications Corporation,**<br><br>Plaintiff;<br><br>v.<br><br>**Sony Corporation, Sony Electronics Inc., and**<br>**Sony Mobile Communications (USA) Inc.,**<br><br>Defendants. | Civil Action No. 10-734-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiff L-3 Communications Corporation's request to call Dr.
Roberts as a witness at the upcoming validity trial (D.I. 222), Sony's opposition letter (D.I. 226),
and L-3's reply (D.I. 229). For the reasons below, the request is **DENIED**.

In briefing as well as the pretrial conference, counsel for Plaintiff stated that Dr. Roberts,
the named inventor of the '654 patent, was deceased. (D.I. 218 at 30:9-19). Counsel's statement
was based on testimony from Dr. Estrera, the former Senior Vice President and Chief Technical
Officer for L-3 Infrared Products (and L-3's Rule 30(b)(6) witness) and confirmed by the HR
departments of L-3's Garland, Texas and Tempe, Arizona offices. (D.I. 222 at 1). On October
17, 2013, counsel for Plaintiff L-3 informed the Court that Dr. Roberts was not only alive, but
also willing ("indeed eager," D.I. 229 at 1) to testify in the upcoming trial, scheduled to begin on
October 28, 2013. (D.I. 222 at 1-2).

While Plaintiff does not know exactly what Dr. Roberts will testify about, counsel
envisions that he will address (1) how, when, and why he invented what is disclosed in the '654
patent, (2) the nature of the problem he was trying to solve, (3) the industry's need for the

solution, (4) other attempts to solve the problem, (5) his knowledge of the state of the art when he made the invention, and (6) the actual reduction to practice of his invention. (D.I. 222 at 2). Sony objects to Dr. Roberts' testimony because the timing and content of the testimony will be prejudicial. (D.I. 226 at 1). Specifically, the request was made only ten days prior to trial, and no matter what Dr. Roberts testifies to, his testimony will not have been considered by Sony's expert. (D.I. 226 at 1-2). In deciding this issue, the Court of Appeals has looked at the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977).

Applying these factors, the Court finds that they weigh in favor of excluding Dr. Roberts' testimony. Defendants are surprised. The Plaintiff envisions that Dr. Roberts may testify regarding the actual reduction to practice of the invention, as well as about the industry's need for the solution and other attempts to solve the problem. This testimony goes directly to the priority date of the invention, as well as secondary considerations of non-obviousness, both of which would not have been considered by Sony's experts, and which cannot be reasonably addressed by the experts at this late date.[1] The only way to cure this prejudice would be to postpone the trial, which would disrupt the "orderly and efficient trial of the case." Furthermore, while Plaintiff's counsel's good faith is beyond question, the problem is directly attributable to

---

[1] L-3 seems to recognize this, as in its reply it scaled back the testimony topics to eliminate the most problematic ones. (D.I. 229 at 2-3). Further, L-3 says Dr. Roberts has no documents, yet L-3 describes him as "crucial." The Court cannot accept this characterization. It seems apparent that his personal appearance is mostly to put a face to the patent, which Plaintiff was previously satisfied to do with a photograph. The parties have prepared for this trial as a battle of experts. If Dr. Roberts has much to add, it is unfair to Sony. If he doesn't have much to add, there is no reason to disrupt the preparations for trial and the trial presentation.

the Plaintiff. L-3 was in a position to determine if Dr. Roberts was still living. Counsel's

diligence does not excuse Plaintiff's failure.

Entered this 23rd day of October, 2013.

United States District Judge