IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**L-3 Communications Corporation,**

Plaintiff;

v.

**Sony Corporation, Sony Electronics Inc., and Sony Mobile Communications (USA) Inc.,**

Defendants.

Civil Action No. 10-734-RGA

MEMORANDUM ORDER

Before the Court is Defendant Sony Corporation, Sony Electronics Inc., and Sony Mobile Communications (USA) Inc.'s Memorandum Regarding the Court's Proposed Evidentiary Rulings During the Pretrial Conference (D.I. 219) and Plaintiff L-3 Communications Corporation's Response to Sony's Memorandum (D.I. 227).

At issue is the admissibility of Sony's Request for *Ex Parte* Reexamination as well as the identity of Sony as the requester.[1] L-3 requests that the Court preclude reference to or introduction of their arguments and positions as described in Sony's Request for *Ex Parte* Reexamination on the grounds that the statements are prejudicial and confusing. (D.I. 227 at 6). Alternatively, L-3 requests that the Court preclude Sony's Request in its entirety, save for the actual references attached to the request. *Id.*

Sony asks that, in order to avoid the prejudicial effect of the failed reexamination request, the Court preclude any reference to Sony as the requester. (D.I. 219 at 4). Sony argues that if L-3

[1] The issue of how to deal with the Court's finding of non-infringement will be dealt with as the Court has previously indicated, consistent with L-3's request as set forth in D.I. 227 at pp. 3-4.

tells the jury that Sony filed the reexamination, Sony should be able to explain why the reexamination was unsuccessful. (D.I. 219 at 2). However, L-3 objects to the explanation, i.e., introduction of the Reexamination Request, because it contains numerous statements which are prejudicial to L-3 and confusing to the jury. (D.I. 227 at 4).

The Court sees no reason why Sony's Request for *Ex Parte* Reexamination should be admitted into evidence. Both sides agree that it is prejudicial and that it does not aid the jury because it is based on claim constructions which were not adopted. Simply removing the prejudicial statements would be a waste of time and effort, as the remaining contents would not be relevant. Sony's Request for *Ex Parte* Reexamination is therefore excluded. Additionally, because Sony did not participate in the reexamination, except for the initial request, any reference to Sony as the requester is unfairly prejudicial, and substantially outweighs any probative value. Fed. R. Evid. 403. For this reason, any references to Sony or to Kenyon & Kenyon as the requester, either in the rest of the file history or by expert testimony, are precluded.[2]

Entered this 25 day of October, 2013.

United States District Judge

[2] Most of the reexamination file history refers to Kenyon & Kenyon (Sony's trial counsel) as the third party requester. However, some documents do refer to Sony, specifically in regard to the current litigation.