IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**L-3 Communications Corporation,**

　　　　　　　　　Plaintiff;

　　　v.

**Sony Corporation, Sony Electronics Inc.,**
**and Sony Mobile Communications (USA)**
**Inc.,**

　　　　　　　　　Defendants.

Civil Action No. 10-734-RGA

MEMORANDUM ORDER

　　　Before the Court is Defendant Sony Corporation, Sony Electronics Inc., and Sony Mobile

Communications (USA) Inc.'s Memorandum in Response to the Court's Inquiry Concerning the

Fossum Presentation (D.I. 220) and Plaintiff L-3 Communications Corporation's Opposition to

Sony's Memorandum. (D.I. 228).

　　　During the October 4, 2013 pretrial conference, the Court asked for briefing on the

admissibility of (1) a deck of slides that are said to have been presented by Dr. Eric Fossum

during a February 1993 symposium (D.I. 220, Exh. 1 [DX-153]) as well as a draft article related

to that presentation (D.I. 220, Exh. 5 [DX-155]), and (2) Sony's expert's opinion that the Fossum

Presentation and article are prior art. (D.I. 218 at 23:15-16).[1]  L-3 objects to the introduction of

---

[1] Sony wants to introduce Dr. Fossum's declaration. (D.I. 220 at p.10; *see* D.I. 220, Exh. 2 [DX-203]). L-3 objects
to this also. It would probably be an abuse of discretion to admit Dr. Fossum's declaration. *See Pozen Inc. v. Par
Pharm., Inc.*, 696 F.3d 1151, 1161 n.6 & 1163 (Fed. Cir. 2012) (abuse of discretion to have admitted declaration
from prior art author). Thus, I will not admit Dr. Fossum's declaration. Further, I do not believe that Sony's expert
ought to bring up, reference or rely upon the declaration, or her conversations with Dr. Fossum, for any purpose
during her direct examination, and, in particular, to establish facts that require no scientific expertise such as whether
he made an audio-visual presentation in San Jose at the conference, and, if he did, what materials he used. In my
opinion, that is just hearsay, and it cannot be introduced through the expert rules.

this evidence because it alleges that the presentation and article are hearsay and that they cannot be transformed into admissible evidence by expert testimony. (D.I. 228 at 2).

The deck of slides (DX-153) is titled "Active Pixel Sensors: Are CCD's Dinosaurs?", and is available on Dr. Fossum's website, which has a number of presentations and/or papers listed in chronological order, with the date of the deck being indicated on the website as Feb. 1993. The deck of slides itself further indicates on the title page "SPIE Symposium on Electronic Imaging February, 1993." It has a "footer" indicating "E.R. Fossum 1/1/2008 APS-SPIE pg.__." It is twenty pages long, and has the format of a "powerpoint presentation." The draft paper (DX-155) is titled "Active Pixel Sensors: Are CCD's Dinosaurs?" It is thirteen pages long. It has a "footer" that reads "2/1/93 4:14 p.m. SPIE_APS.DOC." It cites numerous references, all pre-dating 1993 except for three 1993 papers co-authored by Dr. Fossum that are also indicated as being presented at the SPIE conference.

There is an additional reference which is undoubtedly admissible, and which neither side discusses. The article at issue was published in Charge-Coupled Devices and Solid State Optical Sensors III in July 1993, which is the publication of the SPIE Conference Proceedings from February 1993.[2] (DX-151). On the copyright page, the journal states that, "[t]he papers appearing in this book comprise the proceedings of the meeting mentioned on the cover and title page." (D.I. 220-6). The cover gives the date "2-3 February 1993" and the location "San Jose, California" (D.I. 220-6), and the first article is the final version of the draft article at issue, also titled, "Active Pixel Sensors: Are CCD's Dinosaurs?" (D.I. 220-7). It appears the journal was retrieved from the "Linda Hall Library" in Kansas City, Missouri. If indeed the journal was published in July 1993, as it appears to be, it would fall within the hearsay exception for

---

[2] Sony contends that the journal was published in July 1993. (D.I. 220 at 3). L-3 does not contest the assertion, and an internet search of the SPIE website reveals that the volume was published on July 12, 1993.

"ancient documents." Fed. R. Evid. 803(16); *see also* Fed. R. Evid. 901(b)(8). If the exact date

of publication could not be established, its contents would be admissible as a learned treatise or

periodical. Fed. R. Evid. 803(18). In and of itself, the journal would appear to be admissible to

show that the contents of the Fossum paper were publicly delivered no later than February 3,

1993. Of course, testimony from Sony's expert about the practices relating to the delivery of

papers at conferences such as those organized by SPIE might also be helpful.

It appears that L-3's objection to the deck and the draft paper are based on the hearsay

rule, and a corollary argument that the expert rules of evidence do not provide a means around

the hearsay rules. L-3 does not raise any authenticity objection. The only portion of the deck of

slides or the draft paper that can be hearsay is the publication date. Other than the date, the

documents are not being used to assert the truth of the contents, but whether the contents were

disclosed. Having concluded that the documents at issue (that is, DX-153 and DX-155) are

hearsay only for their publication date, the Court turns to whether there is an exception that

would allow for the admissibility of these two exhibits.

In regard to the draft paper, there is sufficient evidence for the jury to infer that it was in

existence on February 1, 1993, and therefore presented at the SPIE conference. In my opinion,

the date in the footer is not hearsay, as it is probably the statement of a machine and not of a

human. If it is the statement of a machine, it is not hearsay. *See United States v. Khorozian*, 333

F.3d 498, 506 (3d Cir. 2003) (header on a fax was not hearsay when offered to prove document

was in existence by the date of the header). I would note that there are absolutely no

circumstances that give rise to any suspicion that the document has been altered. Besides for the

fact that it should have existed, which may be inferred from DX-151, its location on a

government website for NASA's Jet Propulsion Laboratory (Dr. Fossum's employer at the

relevant time), its citation to other papers at the conference and its lack of citation to any other references from 1993 or later, there is also no credible hint as to why it would be anything other than what it purports to be. Thus, DX-153, the draft paper, is admissible under the hearsay exception for "ancient documents."

The deck of slides (DX-155) presents different issues. Sony wants to admit it to say that it was used during Dr. Fossum's presentation of his paper. There does not appear to be a dispute that presentation slides that are actually presented may be used as prior art. There is not going to be any witness at trial who is going to know whether the deck of slides was actually presented. Indeed, Sony's argument mostly rests on Dr. Fossum's declaration saying that the slides were presented, which I do not think can be used to prove that point.

From the title page of the deck of slides, the jury could infer that Dr. Fossum intended to present the deck of slides at the SPIE conference in February 1993. The jury could infer based on its collective experience that a powerpoint presentation with a date and place on it was created with the intent to present it at the date and the place. *See* Fed. R. Evid. 803(3) (a statement of "intent" is an exception to the hearsay rule). That the conference took place and that the paper about the presentation was subsequently published adds to the likelihood that the presentation was actually made. Thus, I think a *prima facie* case has been made that the deck of slides was presented at the conference, and I will admit DX-155. Upon request, and a proposed submission from L-3 no later than 8:30 a.m. the first day of trial, I will give a limiting instruction that the date on the deck of slides is not offered to prove the deck was actually presented in February 1993.

There is no doubt in my mind that Dr. Fossum actually did make the presentation as stated in his declaration. L-3 is, of course, entitled to try a case according to the Rules of

Evidence.  To the extent, however, that this ruling causes any difficulty to Sony in presenting its

case, and the matter cannot be resolved through discussion with L-3, Sony should promptly file

an appropriate motion with the Court.

Entered this 25th day of October, 2013.

United States District Judge