IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **L-3 Communications Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**Sony Corporation, Sony Electronics Inc., and Sony Mobile Communications (USA) Inc.,**<br><br>Defendants. | Civil Action No. 10-734-RGA |

MEMORANDUM

Before the Court is Plaintiff L-3 Communications Corporation's Third Motion for Entry of Judgment (D.I. 278), Sony's Renewed Motion for Entry of Final Judgment (D.I. 281), and related briefing. (D.I. 279, 282, 286, 290). This action initially involved two patents, U.S. Patent 5,452,004 and U.S. Patent 5,541,654. (D.I. 1). Due to the Court's claim construction (D.I. 78), L-3 conceded that it could not prove infringement of claims 1, 3, 4, 28, 29, 34, and 37 of the '654 patent and claims 16 and 18 of the '004 patent (the "Conceded Claims"). Per the Joint Pretrial Order, filed October 1, 2013, claims 15-17, 19-21, 50, 60, 63, 70, 73, and 80 of the '654 patent (the "Asserted Claims") were the only claims that were tried. (D.I. 211 at 2). The dispute here is what to do with the Conceded Claims.

L-3 argues that the parties stipulated to judgment of non-infringement on the Conceded Claims. Sony claims that while they may have agreed in theory to enter into a stipulation, no agreement was reached. Indeed, none of the documents to which L-3 cites evidence that any agreement between the parties was reached. (*See* D.I. 279-1).

1

L-3 requests that I enter judgment against them on the Conceded Claims, and I can see no reason not to grant that request. However, the language of their proposed judgment presents problems. L-3's proposed judgment states that Sony's products do not infringe because they lack a "means for draining stored charge from said charge storage means in response to an element resetting signal," a "means for randomly accessing said image elements," a "gain control element interposed between said photoresponsive element and said storage element," or a "charge drain," as the Court construed those limitations. (D.I. 262-1). Sony objects to this language because it does not believe that a change in construction of these limitations would create a genuine issue of fact to merit remand. (D.I. 282 at p. 9). Sony is concerned that if it consents to L-3's proposed judgment it will be precluded from raising this challenge on appeal. (D.I. 282 at p. 9).

While I have no opinion on the preclusion issue, I do not approve of L-3's language on the ground that it does not find support in the record. The documents to which L-3 cited in support of this language never mentioned any claim limitations. L-3 repeatedly made statements reserving its rights. (*See* D.I. 279-1).[1] Yet none of those statements identify why the Court's claim construction made it impossible to prove infringement of the Conceded Claims.[2] The closest thing to an agreement is the Pretrial Order, which stated:

> Based on the Court's claim construction, L-3 withdrew and does not at this stage assert any claims of infringement of the '004 Patent or claim 1 (and its dependents) of the '654 Patent. Additionally, prior to serving expert reports, L-3 withdrew and does not assert at this stage claims 24, 25, and 45 of the '654 Patent. By limiting its claims consistent with the Court's claim construction, L-3 does not waive and expressly reserves the right to challenge the court's claim construction and assert any claims of either the '004 Patent or the '654 Patent that support

---

[1] L-3 cites to their 2nd and 3rd Amended Preliminary Infringement Contentions, Dr. Neikirk's Expert Report, L-3's Motion for Entry of Judgment, the Pretrial Order, Sony's Opposition to L-3's Motion for Entry of Judgment, the pretrial conference transcript, and the trial transcript.

[2] L-3's proposed final judgment also purports to rely upon the "reasoning of the Memorandum Opinion (D.I. 194)" as to why it cannot prove its claims, but it also purports to have conceded these claims before the Memorandum Opinion was argued, let alone issued.

2

infringement under any amended claim construction. To the extent L-3 resurrects
any of its infringement claims, Sony reserves the right to present invalidity
challenges to those claims.

(D.I. 211 at 2 n.3). This does not support the language of L-3's proposed judgment.

The Court recognizes that the language of a stipulated judgment is important in order for the Federal Circuit to review the Court's claim construction and avoid rendering an advisory opinion. *See Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008) ("[W]e would risk rendering an advisory opinion as to claim construction issues that do not actually affect the infringement controversy between the parties."). A stipulated judgment must generally (1) identify the claim construction being challenged and explain how that claim construction affects infringement and (2) provide a sufficient factual record for the Federal Circuit to assess how the disputed claim construction rulings relate to the accused products. *Jang*, 532 F.3d at 1336-37. Sony does not dispute that its products do not have the limitations which L-3 mentioned in its proposed judgment. (D.I. 282 at p. 9). A stipulation must be agreed to by both parties. It is not Sony's fault that L-3 waited until after trial to propose the language of the stipulation. Whether L-3 has created a sufficient record for the Federal Circuit to review the claim construction is not an issue for the district court.[3]

However, I do not ignore the Conceded Claims. L-3 asks that they be decided in Sony's favor. I see no reason not to grant this request. I therefore enter judgment as set forth in the accompanying order.

---

[3] In most cases in which a party want to preserve claim construction as an appellate issue, the party enters into an agreement at the time it decides it cannot go forward due to the construction(s). It seems contrary to the efficient administration of justice to encourage L-3's cavalier approach to preserving appellate issues.

3

Entered this 12th day of September, 2014.

/s/ Richard G. Andrews
United States District Judge